# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHASE J. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CSX TRANSPORTATION, INC., SAVAGE | ) | |
| INDUSTRIAL RAIL SERVICES, INC., | ) | |
| and THE SCOTTS COMPANY LLC. | ) | TRIAL BY JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

### COUNT I (CSXT)

NOW COMES the Plaintiff, CHASE J. MOORE, by and through his attorneys, BRADEN BLUMENSTIEL, DUPONT AND BLUMENSTIEL, LLC and HOEY & FARINA, and for his Complaint against the Defendant, CSX TRANSPORTATION, INC. ("CSXT"), states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U. S. Code sec. 56 and Title 28 U. S. Code sec. 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employer's Liability Act, 45 U.S.C. sec. 51 et seq.

3. At all pertinent times, Defendant, CSXT, was and is a railroad corporation doing business in the State of Ohio.

4. On February 9, 2016, and at all pertinent times, Defendant, CSXT, owned and operated in interstate commerce a railroad which carried freight.

5. On February 9, 2016, and at all pertinent times, Plaintiff, CHASE J. MOORE,

was employed by the Defendant, CSXT as a locomotive engineer.

6. On February 9, 2016, and at all pertinent times, Defendant, CSXT, managed, maintained, and used as a portion of its railroad systems, a section of a track in dark territory at mile post 108, in its Great Lakes Division, near Marysville, Union County, Ohio.

7. On February 9, 2016, and at all pertinent times, Defendant, CSXT, managed, maintained, and used as a portion of its railroad systems, train #H71109 at the aforesaid location.

8. On February 9, 2016, and at all pertinent times, Plaintiff, CHASE J. MOORE, was performing work for Defendant, CSXT, in connection with or in furtherance of Defendant, CSXT's business of interstate commerce and transportation.

9. In the course of his duties on February 9, 2016, and at all pertinent times, Plaintiff, CHASE J. MOORE, was required to work as a locomotive engineer on Defendant, CSXT's train #H71109.

10. On February 9, 2016, and at all pertinent times, Defendant, CSXT's locomotive engine on train #H71109, which contained Plaintiff, CHASE J. MOORE, was traveling at mile post 108 approaching the Defendant, THE SCOTTS COMPANY LLC industry, when it encountered a switch which was left open, causing the locomotive to go into the industry track and collide with rail cars on the industry track.

11. As a result of the violent head-on collision, on February 09, 2016, Plaintiff, CHASE J. MOORE, was severely injured.

12. On February 9, 2016, and at all pertinent times, it was the continuing duty of the Defendant, CSXT, at the time and place in question, to provide Plaintiff, CHASE J. MOORE, with a reasonably safe place to work; to provide reasonably safe conditions in which to work; to

provide reasonably safe tools and equipment; and Defendant had an absolute duty to comply with the regulations promulgated by the Federal Railroad Administration.

  13. In violation of its duties, Defendant, CSXT, negligently and carelessly failed to provide Plaintiff, CHASE J. MOORE, with a reasonably safe place to work by committing one or more of the following negligent acts or omissions:

  (a) carelessly and negligently permitted its locomotive engine to travel on to the track;

  (b) failed to adopt, install, implement and enforce a safe method and procedure for the operation of its locomotives on single track in dark territory;

  (c) failed to adopt, install, implement and enforce a safe method and procedure for dispatching trains;

  (d) failed to adopt, install, implement and enforce a safe method and procedure periodic inspection, maintenance and upkeep of the area near the switch in question;

  (e) carelessly and negligently permitted weeds, shrubs and trees to obscure the field of vision of the switch in question;

  (f) failed to properly inspect and maintain its property so that the same could be used safely by its employees;

  (g) failed to adequately ensure that employees operating the switch in question were sufficiently trained;

  (h) failed to properly supervise, regulate and operate in the area of the collision, the movements of its locomotive engine;

  (i) failed to install sufficient numbered block signals to permit the safe movement of trains;

  (j) failed to install, implement and maintain signal control circuits that displayed their most restrictive aspect when the points of the switch are not closed in proper position in violation of 49 CFR 236.205; and

  (k) carelessly and negligently fixed unsafe speed limits for the area of the head-on train collision.

14. Defendant's failure to provide Plaintiff, CHASE J. MOORE, with a reasonably safe place to work by one or more of the aforementioned negligent acts or omissions caused, in whole or in part, Plaintiff's, CHASE J. MOORE's, injuries.

15. As a consequence, Plaintiff, CHASE J. MOORE, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, CHASE J. MOORE, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, CHASE J. MOORE, has incurred medical, hospital and related expenses, and is reasonably certain to incur further medical, hospital and related expenses in the future.

16. Plaintiff, CHASE J. MOORE, demands trial by jury.

WHEREFORE, Plaintiff, CHASE J. MOORE, demands judgment in his favor and against Defendant, CSXT, in an amount in excess of the jurisdictional minimum.

**COUNT II (SAVAGE)**

NOW COMES the Plaintiff, CHASE J. MOORE, by and through his attorneys, BRADEN BLUMENSTIEL and DUPONT AND BLUMENSTIEL, LLC and for his Complaint against the Defendant, SAVAGE INDUSTRIAL RAIL SERVICES, INC. ("SAVAGE"), states as follows:

1. This action arises under U.S.C., Title 28 Section 1367.

2. On February 9, 2016, at all pertinent times, Defendant, SAVAGE, was a Delaware

4

corporation doing business in the State of Ohio.

3. On February 9, 2016, and at all pertinent times, Defendant, SAVAGE, contracted with Defendant, THE SCOTTS COMPANY LLC, to provide switching services at its plant in Marysville, Union County, Ohio.

4. Plaintiff, CHASE J. MOORE, repeats and re-alleges paragraphs through 1 through 11 of Count I, as paragraphs 4 through 14 of Count II, herein.

15. At all pertinent times, Defendant, SAVAGE, was under a duty to use ordinary care for the safety of Plaintiff, CHASE J. MOORE, in the performance of its switching operations.

16. Defendant, SAVAGE SERVICES CORPORATION, was guilty of the following negligent, careless and unlawful acts or omissions:

(a) failed to ensure that the switch was closed to prevent movement on to the industry track occupied by rail cars;

(b) failed to adequately train and instruct its employees;

(c) failed to develop and implement operating rules to permit safe train movement over the switch in question;

(d) failed to conduct an adequate job briefing;

(e) failed to verify that Defendant, CSXT's main track was clear for travel past the industry;

(f) failed to ensure the switch was properly locked, hooked or latched

(g) failed to ensure the switch was secured from unintentional movement of the switch points.

17. Defendant, SAVAGES's, aforementioned negligent acts or omissions caused, in whole or in part, Plaintiff, CHASE J. MOORE's injuries.

18. As a consequence, Plaintiff, CHASE J. MOORE, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, CHASE J. MOORE, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, CHASE J. MOORE, has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

19. Plaintiff, CHASE J. MOORE, demands trial by jury.

WHEREFORE, Plaintiff, CHASE J. MOORE, demands judgment in his favor and against Defendant, SAVAGE INDUSTRIAL RAIL SERVICES, INC. in a sum in excess of the jurisdictional minimum.

## COUNT III (SCOTTS)

NOW COMES the Plaintiff, CHASE J. MOORE, by and through his attorneys, BRADEN BLUMENSTIEL and DUPONT AND BLUMENSTIEL, LLC and for his Complaint against the Defendant, THE SCOTTS COMPANY LLC ("SCOTTS"), states as follows:

1. The Defendant, SCOTTS, are headquartered and do business in Marysville, Union County, Ohio, and are incorporated in Ohio.

2. Plaintiff, CHASE J. MOORE, repeats and realleges paragraphs 1 through 11 of Count I, as paragraphs 3 through 13 of Count III, herein.

14. The Defendant, SCOTTS, owned, operated and controlled a certain switch that controlled movement from the single main line track in to its plant at mile post 108.

6

15. At all pertinent times, Defendant, SCOTTS, was under a duty to use ordinary care for the safety of the Plaintiff, CHASE J. MOORE, in the maintenance and operation of its property.

16. Defendant, SCOTTS, was guilty of the following negligent, careless and unlawful acts or omissions:

(a) failed to ensure that the switch was closed to prevent movement on to the industry track occupied by rail cars;

(b) failed to adequately train and instruct its employees;

(c) failed to develop and implement operating rules to permit safe train movement over the switch in question;

(d) failed to conduct an adequate job briefing;

(e) failed to verify that Defendant, CSXT's main track was clear for travel past the industry;

(f) failed to ensure the switch was properly locked, hooked or latched

(g) failed to ensure the switch was secured from unintentional movement of the switch points.

17. Defendant, SCOTTS's, aforementioned negligent acts or omissions caused, in whole or in part, Plaintiff, CHASE J. MOORE's injuries.

18. As a consequence, Plaintiff, CHASE J. MOORE, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, CHASE J. MOORE, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, CHASE J. MOORE,

7

has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

19. Plaintiff, CHASE J. MOORE, demands trial by jury.

WHEREFORE, Plaintiff, CHASE J. MOORE, demands judgment in his favor and against Defendant, THE SCOTTS COMPANY LLC in a sum in excess of the jurisdictional minimum.

Respectfully submitted,

/s/: *Braden Blumenstiel*
Braden Blumenstiel

BRADEN BLUMENSTIEL
DUPONT AND BLUMENSTIEL, LLC
655 Metro Place South, Suite 440
Dublin, OH 43017
Telephone: 614-408-0529
Facsimile: 866-465-1924
braden@dandblaw.com

Craig W. Church (Pro Hac Vice Pending)
HOEY & FARINA
542 S. Dearborn, 2d Floor
Chicago, IL 60605
Telephone: 312-939-1212
Facsimile: 321-939-1212
church@hoeyfarina.com