STRONG & HANNI PC
Paul M. Belnap
State Bar No. 0279
pbelnap@strongandhanni.com
102 S 200 E, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508

CLYDE & CO US LLP
BRUCE D. CELEBREZZE (*pro hac vice*)
State Bar No. 102181
bruce.celebrezze@clydeco.us
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

Attorneys for Defendant
GREENWICH INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SAVAGE INDUSTRIAL RAIL SERVICES INC. and GREENWICH INSURANCE COMPANY,<br><br>Defendants. | Case No. 2:21-cv-00036-BSJ<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Judge: Bruce S. Jenkins |

## ANSWER TO COMPLAINT

Defendant Greenwich Insurance Company ("Greenwich") hereby files this answer to the Complaint for Declaratory Judgment ("Complaint," ECF No. 2) filed by American Guarantee & Liability Insurance Company ("AGLIC"), and states as follows:

## NATURE OF THE ACTION

1. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, Greenwich states that the allegations contained in the Bodily Injury Actions speak for themselves. To the extent that any of the allegations contained in paragraph 2 of the Complaint are inconsistent with the allegations in the Bodily Injury Actions, Greenwich denies each and every such allegation.

3. In response to paragraph 3 of the Complaint, Greenwich states that the allegations contained in the Subrogation Action speak for themselves. To the extent that any of the allegations contained in paragraph 3 of the Complaint are inconsistent with the allegations in the Subrogation Action, Greenwich denies each and every such allegation.

4. In response to paragraph 4 of the Complaint, Greenwich admits that it issued insurance policy no. RGE5000382-02 for the policy period of April 1, 2015

to April 1, 2016 ("the Greenwich Policy"), and that the Greenwich Policy is governed by, and is subject to, all of its terms, conditions, definitions, limitations, exclusions, and endorsements.

5. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, Greenwich denies that it provided a defense in the Bodily Injury Actions, but Greenwich admits that, upon exhaustion of the self-insured retention, it agreed to indemnify Savage Industrial Rail Services, Inc. in the Bodily Injury Actions and paid certain sums to settle those lawsuits on behalf of Savage Industrial Rail Services, Inc. In further response to paragraph 7 of the Complaint, Greenwich states that, as part of the settlement of the Bodily Injury Actions on behalf of Savage Industrial Rail Services, Inc., CSX obtained a dismissal with prejudice. To the extent that the allegations contained in paragraph 7 of the Complaint are to the contrary, Greenwich denies each and every such allegation.

8. In response to paragraph 8 of the Complaint, Greenwich admits that there was correspondence between Greenwich and AGLIC, or its representatives, which correspondence speaks for itself. To the extent that any of the allegations

contained in paragraph 8 of the Complaint are inconsistent with the correspondence, Greenwich denies each and every such allegation.

9. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

## PARTIES

10. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Greenwich admits the allegations contained in paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13. In response to paragraph 13 of the Complaint, Greenwich admits the allegations contained in subpart (iii) but denies the allegations contained in subparts (i) and (ii).

14. In response to paragraph 14 of the Complaint, because Greenwich has denied that the court has jurisdiction over this action, Greenwich denies the allegations as to venue. In the event that the court determines that it has jurisdiction over this action, Greenwich admits that venue is proper in the District of Utah.

## THE UNDERLYING ACTIONS

**The Bodily Injury Actions**

15. Greenwich admits the allegations contained in paragraph 15 of the Complaint except that Greenwich believes Mr. Barga's first name is Lucas and not Luis.

16. Greenwich admits the allegations contained in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, Greenwich responds that the allegations in the Moore Action speak for themselves. To the extent that the allegations contained in paragraph 17 of the Complaint are inconsistent with the allegations in the Moore Action, Greenwich denies each and every such allegation.

18. In response to paragraph 18 of the Complaint, Greenwich responds that the allegations in the Moore Action speak for themselves. To the extent that the allegations contained in paragraph 18 of the Complaint are inconsistent with the allegations in the Moore Action, Greenwich denies each and every such allegation.

19. Greenwich admits the allegations contained in paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Greenwich responds that the allegations in the Barga Action speak for themselves.  To the extent that the allegations contained in paragraph 20 of the Complaint are inconsistent with the allegations in the Barga Action, Greenwich denies each and every such allegation.

21. In response to paragraph 21 of the Complaint, Greenwich responds that the allegations in the Barga Action speak for themselves.  To the extent that the allegations contained in paragraph 21 of the Complaint are inconsistent with the allegations in the Barga Action, Greenwich denies each and every such allegation.

22. In response to paragraph 22 of the Complaint, Greenwich admits that Savage Industrial Rail Services, Inc. tendered the Bodily Injury Actions, but denies that Savage Industrial Rail Services, Inc. tendered its defense in the Bodily Injury Actions to Greenwich, and also denies that CSX tendered its defense and indemnity in the Bodily Injury Actions to Greenwich.  Greenwich is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint.

23. In response to paragraph 23 of the Complaint, Greenwich states that, as a result of the settlement of the Bodily Injury Actions on behalf of Savage Industrial Rail Services, Inc., CSX obtained a release.  Greenwich denies that it

agreed to defend CSX in the Bodily Injury Actions. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Greenwich states that it funded a settlement of the Bodily Injury Actions on behalf of Savage Industrial Rail Services, Inc. and that, as a consequence of the funding of the settlement on behalf of Savage Industrial Rail Services, Inc., CSX obtained a release. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint.

25. Greenwich denies each and every allegation contained in paragraph 25 of the Complaint.

**The Subrogation Action**

26. Greenwich admits the allegations contained in paragraph 26 of the Complaint, except that the case number is incorrect.

27. In response to paragraph 27 of the Complaint, Greenwich responds that the allegations in the Subrogation Action speak for themselves. To the extent that the allegations contained in paragraph 27 of the Complaint are inconsistent with the allegations in the Subrogation Action, Greenwich denies each and every such allegation.

28. In response to paragraph 28 of the Complaint, Greenwich responds that the allegations in the Subrogation Action speak for themselves. To the extent that the allegations contained in paragraph 28 of the Complaint are inconsistent with the allegations in the Subrogation Action, Greenwich denies each and every such allegation.

29. In response to paragraph 29 of the Complaint, Greenwich responds that the allegations in the Subrogation Action speak for themselves. To the extent that the allegations contained in paragraph 29 of the Complaint are inconsistent with the allegations in the Subrogation Action, Greenwich denies each and every such allegation.

30. In response to paragraph 30 of the Complaint, Greenwich responds that the allegations in the Subrogation Action speak for themselves. To the extent that the allegations contained in paragraph 30 of the Complaint are inconsistent with the allegations in the Subrogation Action, Greenwich denies each and every such allegation.

31. Greenwich denies each and every allegation contained in paragraph 31 of the Complaint as respects Greenwich. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint.

32. In response to paragraph 32 of the Complaint, Greenwich admits that it has not agreed to defend and/or indemnify CSX in the Subrogation Action. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint.

33. Greenwich admits the allegations contained in paragraph 33 of the Complaint.

## THE GREENWICH POLICY

34. In response to paragraph 34 of the Complaint, Greenwich admits that it issued insurance policy no. RGE5000382-02 for the policy period of April 1, 2015 to April 1, 2016, and that the Greenwich Policy is governed by, and is subject to, all of its terms, conditions, definitions, limitations, exclusions, and endorsements.

35. In response to paragraph 35 of the Complaint, Greenwich admits that it issued insurance policy no. RGE5000382-02 for the policy period of April 1, 2015 to April 1, 2016, and that the Greenwich Policy is governed by, and is subject to, all of its terms, conditions, definitions, limitations, exclusions, and endorsements.

## THE AGLIC UMBRELLA POLICY

36. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST GREENWICH

**(Declaratory Judgment - Improper Erosion)**

41. Paragraph 41 of the Complaint does not require a response.

42. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, Greenwich responds that the allegation is a question of law and is not subject to admission or denial as an allegation of fact. Therefore, Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, Greenwich responds that the allegation is a question of law and is not subject to admission or denial as an allegation of fact. Therefore, Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint, Greenwich responds that the allegation is a question of law and is not subject to admission or denial as an allegation of fact. Therefore, Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Greenwich denies the allegations contained in paragraph 46 of the Complaint.

47. Greenwich denies the allegations contained in paragraph 47 of the Complaint.

48. Greenwich denies the allegations contained in paragraph 48 of the Complaint.

49. Greenwich denies the allegations contained in paragraph 49 of the Complaint.

50. Greenwich denies the allegations contained in paragraph 50 of the Complaint, as phrased, as the allegation presumes a legal duty which does not exist and the defense was provided with AGLIC's full knowledge and acquiescence.

51. Greenwich denies the allegations contained in paragraph 51 of the Complaint, as phrased, as the allegation presumes a legal duty which does not exist, and AGLIC demanded that Greenwich enter into the settlements of the Bodily Injury Actions.

52. Greenwich denies the allegations contained in paragraph 52 of the Complaint.

53. Greenwich denies the allegations contained in paragraph 53 of the Complaint.

54. Greenwich denies the allegations contained in paragraph 54 of the Complaint.

55. Greenwich denies the allegations contained in the first sentence of paragraph 55 of the Complaint. Greenwich is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 55 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST SAVAGE INDUSTRIAL

**(Declaratory Judgment - Improper Erosion)**

56. Paragraph 56 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

57. Paragraph 57 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

58. Paragraph 58 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

59. Paragraph 59 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

60. Paragraph 60 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

61. Paragraph 61 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

62. Paragraph 62 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

63. Paragraph 63 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

64. Paragraph 64 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

65. Paragraph 65 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

66. Paragraph 66 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

67. Paragraph 67 of the Complaint is not stated against Greenwich and, therefore, Greenwich provides no response.

## FIRST AFFIRMATIVE DEFENSES

Greenwich pleads the following separate defenses. Greenwich reserves the right to assert additional affirmative defenses as may be proper.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint and each cause of action therein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Barred by the Subject Insurance Policies)

The Complaint and each cause of action therein are barred by the terms, conditions, definitions, limitations, exclusions, and/or endorsements contained in the subject insurance policies.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent that AGLIC has failed to mitigate, minimize, or avoid any damages it allegedly sustained, any recovery against Greenwich must be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

### (Due Care)

Greenwich has at all times exercised due care concerning any actions, conduct, or other matters alleged in the complaint, or any purported claim asserted therein.

## FIFTH AFFIRMATIVE DEFENSE

### (No Damages)

AGLIC has not suffered any damages as a result of any actions taken by Greenwich, and AGLIC is thus barred from asserting the Complaint, or any purported claim, against Greenwich.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches, Waiver and Estoppel)

AGLIC's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Greenwich acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known at the time it acted.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reasonable As a Matter of Law)

Greenwich's coverage interpretations and claims handling were and are reasonable as a matter of law.

## NINTH AFFIRMATIVE DEFENSE

### (No Case or Controversy)

There is no Constitutionally justiciable case or controversy between Greenwich and AGLIC and, thus, this case fails as matter of law.

## TENTH AFFIRMATIVE DEFENSE

### (Ripeness)

AGLIC has sustained no injury or damage caused by Greenwich or otherwise and, therefore, this case is not ripe for adjudication and fails as a matter of law.

# ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Set Out Claims with Sufficient Particularity)

AGLIC has failed to set out its claims with sufficient particularity to permit Greenwich to raise all appropriate defenses and, thus, Greenwich reserves the right to add additional defenses as a factual basis for these claims becomes known.

WHEREFORE, Greenwich Insurance Company prays for relief as follows:

1. That AGLIC take nothing by reason of the Complaint and that judgment be entered against AGLIC and in favor of Greenwich;

2. That Greenwich be awarded its costs of suit herein; and

3. That Greenwich be granted such other and further relief as the Court may deem just and proper.


Dated: February 25, 2021        STRONG & HANNI PC


                                By:   */s/ Paul M. Belnap*
                                      Paul M. Belnap
                                      Attorneys for Defendant GREENWICH
                                      INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February 2021, a true and correct copy of the foregoing **ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT** was served by the method indicated below, to the following:

| | | |
|---|---|---|
| Gabriel E. Darwick | ( ) | U.S. Mail, Postage Prepaid |
| COUGHLIN DUFFY LLP | ( ) | Hand Delivered |
| 88 Pint Street 28th Floor | ( ) | Overnight Mail |
| Wall Street Plaza | ( ) | E-mail |
| New York, New York 10005 | (X) | CM/ECF System |
| gdarwick@coughlinduffy.com | | |
| *Attorneys for Plaintiff* | | |

| | | |
|---|---|---|
| Adam M. Smith | ( ) | U.S. Mail, Postage Prepaid |
| COUGHLIN DUFFY LLP | ( ) | Hand Delivered |
| 350 Mount Kemble Avenue | ( ) | Overnight Mail |
| Morristown, New Jersey 07960 | ( ) | E-mail |
| asmith@coughlinduffy.com | (X) | CM/ECF System |
| *Attorneys for Plaintiff* | | |

| | | |
|---|---|---|
| Richard A. Vazquez | ( ) | U.S. Mail, Postage Prepaid |
| SNOW CHRISTENSEN & MARTINEAU | ( ) | Hand Delivered |
| 10 Exchange Place, 11th Floor | ( ) | Overnight Mail |
| P.O. Box 45000 | ( ) | E-mail |
| Salt Lake City, Utah 84145 | (X) | CM/ECF System |
| rv@scmlaw.com | | |
| *Attorneys for Plaintiff* | | |

| | | |
|---|---|---|
| Laura G. Kennedy | ( ) | U.S. Mail, Postage Prepaid |
| PARR BROWN FEE & LOVELESS | ( ) | Hand Delivered |
| 101 South 200 East, Suite 700 | ( ) | Overnight Mail |
| Salt Lake City, Utah 84111 | ( ) | E-mail |
| lkennedy@parrbrown.com | (X) | CM/ECF System |
| *Attorneys for Defendant Savage Industrial Rail Services* | | |

| | | |
|---|---|---|
| David J. Schubert | ( ) | U.S. Mail, Postage Prepaid |
| SCHUBERT & EVANS PC | ( ) | Hand Delivered |
| 900 Jackson Street, Suite 630 | ( ) | Overnight Mail |
| Dallas, Texas 75202 | ( ) | E-mail |
| dschubert@schubertevans.com | (X) | CM/ECF System |
| *Attorneys for Defendant Savage Industrial Rail Services* | | |

/s/ *Kinzie J. Owen*

016334.00001